UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NATHAN ANDERSON,

    Plaintiff,

        v.                       CAUSE NO. 3:23-CV-775-PPS-JEM

BRABBS, et al.,

    Defendants.

## OPINION AND ORDER

Nathan Anderson, a prisoner without a lawyer, filed a complaint. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Anderson alleges that, on April 10, 2022, he told Ms. Brabbs that he needed to be moved to another cell immediately due to non-stop verbal harassment from his bunkie that was escalating. On April 17, 2022, Anderson was involved in a physical altercation with his cellmate and suffered serious injuries. He has sued Ms. Brabbs and the Miami Correctional Facility for failure to protect him from injury.

The Miami Correctional Facility is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, I cannot allow him to proceed against the Miami Correctional Facility.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

In the context of failure to protect cases, the Seventh Circuit has equated "substantial risk" to risks so great that they are almost certain to materialize if nothing

2

is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). The Seventh Circuit outlined what is required to demonstrate deliberate indifference in *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

> To establish deliberate indifference on the part of the defendants sued individually, Klebanowski needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to Klebanowski's health or safety, yet failed to take appropriate steps to protect him from the specific danger. Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id*.
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of

> specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski*, 540 F.3d at 639-40 (footnote omitted).

Here, Anderson alleges that he told Ms. Brabbs that he needed to be moved to another cell immediately due to non-stop verbal harassment from his cellmate that was escalating. The nature of the verbal harassment is unclear, and Anderson does not indicate if he shared any details about the harassment with Ms. Brabbs that would put her on notice that there was a substantial risk of harm. To prevail, Anderson will need to demonstrate that what he shared with Ms. Brabbs amounted to more than general allegations of fear and the need to be removed. In other words, he will need to show that what he shared with Ms. Brabbs was detailed enough to alert her to the risk he faced if she did not intervene. At this stage of the case, Anderson is entitled to all reasonable inferences. Giving Anderson the benefit of those inferences, I find that he has stated a claim and I will permit him to proceed against Ms. Brabbs.

For these reasons, the court:

(1) GRANTS Nathan Anderson leave to proceed against Ms. Brabbs in her individual capacity for compensatory and punitive damages for failure to protect Anderson from a substantial risk of harm, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the Miami Correctional Facility;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Ms. Brabbs at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 6);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if she does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ms. Brabbs to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on January 4, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT