UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NATHAN ANDERSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 3:23-CV-775-PPS-JEM |
| | ) | |
| BRABBS, | ) | |
|     Defendant. | ) | |

**ORDER**

Nathan Anderson, a prisoner without a lawyer, filed a motion asking to be appointed counsel [DE 26]. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the Court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d at 654.

Here, Anderson says he has attempted to obtain counsel on his own. He includes a copy of a letter from a law firm declining to take his case [DE 26-1]. That response was sent to Anderson before this Court screened his case. *See* [DE 26-1; DE 19]. Anderson has shown that he made some effort to obtain counsel on his own, but he has not demonstrated that he has mailed a copy of the screening order to ten attorneys along with a request for representation. Thus, Anderson has not yet demonstrated that he has made reasonable efforts to obtain counsel on his own. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such

requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also* *Pruitt*, 503 F.3d at 654; and *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013).

For these reasons, the Court **DENIES** the motion for counsel [DE 26]. The Court **DIRECTS** the Clerk of the Court to send Nathan Anderson ten (10) copies of the screening order [DE 19] so he can include them with a letter to ten individual attorneys asking for representation.

SO ORDERED this 25th day of March, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*